## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **DESIREE KATSOUFIS**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**ANN LAW**, an individual,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:26-cv-120**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT

NOW COMES the Plaintiff, by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action for unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA").

## PARTIES

2. The Plaintiff is an individual and resident of Florida who at all material times worked for the Defendant in Lee County, Florida. At all times, Plaintiff had enterprise and individual coverage under the FLSA during her

employment with the Defendant. Plaintiff was employed by the Defendant in Lee County, Florida. At all material times, Plaintiff was employed by the Defendant as a reservationist for Rendezvous, Inc. The Defendant is the sole owner of Rendezvous, Inc. Plaintiff performed work for the Defendant in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. Plaintiff was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida. While performing services for the Defendant, Plaintiff was engaged in interstate commerce. Plaintiff's job duties directly involved facilitating interstate commerce because the properties for which she made reservations, bookings, and revenue operations are located in the State of Rhode Island, while Plaintiff performed all work from Lee County, Florida. Plaintiff made reservations and bookings for customers traveling from multiple states and countries to the Rhode Island properties. Plaintiff processed interstate transactions through online travel agency platforms such as Booking.com, Expedia, and other platforms that operate in interstate commerce. Plaintiff handled credit card and banking transactions from out-of-state customers. Plaintiff's daily work activities crossed state lines as she communicated from Florida with customers nationwide who were booking stays at Rhode Island properties, thereby directly facilitating the flow of interstate commerce.

3. The Defendant ANN LAW ("Defendant") is a resident of Lee County, Florida, residing in Fort Myers, Florida. At all material times, Defendant was a resident of Lee County, Florida, and held a valid Florida driver's license. In 2021, Defendant filed a lawsuit in Lee County Circuit Court in which she stated under oath: "At all times material hereto, Plaintiff [Ann Law] is a resident of Lee County, Florida." Defendant is the sole owner and operator of Rendezvous, Inc., a Rhode Island corporation. As the sole owner and President of Rendezvous, Inc., Defendant exercises complete and exclusive control over all business operations and decisions of Rendezvous, Inc. No other person has authority to make business decisions for Rendezvous, Inc. without Defendant's approval. Defendant personally makes all employment decisions for Rendezvous, Inc., including hiring, firing, compensation, and work assignments. At all material times, Defendant had the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. Defendant supervised and controlled Plaintiff's work schedules and conditions of employment, in addition to determining the rate and method of payment. Defendant maintains employment records of Plaintiff. Defendant personally contracted with Plaintiff, a Florida resident, for Plaintiff to perform work from Plaintiff's home in Lee County, Florida. Defendant personally made all employment decisions affecting Plaintiff from Defendant's residence in Lee County, Florida, including the decision to classify Plaintiff as an exempt

employee, to determine Plaintiff's compensation, to supervise Plaintiff's daily work activities, and to terminate Plaintiff's employment. Defendant exercised complete operational control over Plaintiff's employment and was Plaintiff's employer under the FLSA. Rendezvous, Inc. operates hospitality properties exclusively in Block Island, Rhode Island, including properties located at 61 Dodge Street and 597 Corn Neck Road in New Shoreham, Rhode Island. The interstate nature of Plaintiff's employment is inherent in the fact that Plaintiff, working from Florida, handled reservations, bookings, revenue, and customer service for properties located in a different state (Rhode Island), serving customers traveling from across state and international borders.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Defendant is a resident of Lee County, Florida, and Plaintiff performed work in Lee County, Florida. Some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division

under Local Rule 1.04 since the action accrued in Lee County, which is within the Fort Myers Division.

### **GENERAL ALLEGATIONS**

6.  KATSOUFIS began her employment with Defendant on or about August 1, 2022. Defendant, a resident of Lee County, Florida, personally contracted with KATSOUFIS, also a resident of Lee County, Florida, to perform work as a reservationist for Rendezvous, Inc. from KATSOUFIS's home in Lee County, Florida.

7.  At all times, KATSOUFIS performed nearly all of her work duties from her home in Lee County, Florida, where Defendant contracted with her to work.

8.  KATSOUFIS always performed her assigned duties in a professional manner and was very well qualified for her position, bringing 18 years of proven experience in sales and marketing for luxury hotel properties.

9.  The Defendant paid KATSOUFIS on a salary basis at the rate of approximately $90,000 per year (approximately $1,730 per week), and intentionally misclassified KATSOUFIS as an exempt employee when in fact she was a non-exempt employee entitled to overtime compensation.

10.    Throughout her employment from about August 2022 to February 18, 2024, the Defendant classified KATSOUFIS as an exempt employee and paid her on a salary basis without any overtime compensation.

11.     However, KATSOUFIS's actual job duties were of a strictly non-exempt nature. KATSOUFIS performed operational and administrative tasks from Lee County, Florida, for hospitality properties located in Rhode Island. Her duties included: (a) answering customer phone calls and emails regarding reservations for Rhode Island properties; (b) processing customer bookings and reservations from Florida for stays at Rhode Island properties; (c) handling customer service inquiries from Florida regarding Rhode Island properties; (d) entering day-to-day pricing adjustments for Rhode Island properties; (e) posting content to social media platforms; (f) updating website information; (g) maintaining passwords and access to various online platforms including social media, website, Google, Mailchimp, and online travel agency platforms (OTAs); (h) processing payments and billing; and (i) performing other operational and administrative tasks that did not require the exercise of independent judgment and discretion on matters of significance. All of these duties involved interstate commerce because KATSOUFIS, working from Florida, facilitated bookings and reservations for customers traveling to Rhode Island from across the United States and internationally, processed interstate credit card transactions, and managed online platforms that operate in interstate commerce.

12.     The Defendant exercised complete operational control over all aspects of Plaintiff's day-to-day functions during her employment, including

work schedules, job duties, and compensation. The Defendant, from her residence in Lee County, Florida, supervised Plaintiff's work, which was also performed in Lee County, Florida, and maintained regular and continuous oversight of Plaintiff's work activities through emails, phone calls, and electronic correspondence.

13.    During her employment, KATSOUFIS worked in excess of 40 hours per week nearly every week she was employed by the Defendant, averaging approximately 65 hours per week without receiving overtime compensation she was lawfully entitled to under the FLSA.

14.    More specifically, KATSOUFIS worked seven days per week, often without breaks or lunch, yet was paid only her fixed salary without any overtime premium for hours worked in excess of 40 per week.

15.    Throughout her employment, KATSOUFIS consistently worked approximately 25 hours of overtime per week for which she was not compensated at the time-and-one-half rate required by the FLSA.

16.    The Defendant's misclassification of KATSOUFIS as an exempt employee was willful and intentional. Despite KATSOUFIS performing primarily non-exempt duties such as answering phones, making reservations, and handling routine operational tasks, the Defendant classified her as exempt to avoid paying overtime wages.

17.    The Defendant's willful misclassification is further evidenced by the fact that the Defendant describes KATSOUFIS as just a reservationist whose job duties were merely answering phones and making reservations—an admission that KATSOUFIS's duties were non-exempt in nature and did not qualify for any overtime exemption under the FLSA.

18.    Additionally, in the Defendant's termination email to KATSOUFIS dated February 15, 2024, the Defendant explicitly referred to KATSOUFIS's position as "the reservationist position," further confirming that the Defendant viewed and treated KATSOUFIS as performing non-exempt, operational duties rather than exempt executive, administrative, or professional work.

19.    Despite this acknowledgment that KATSOUFIS performed non-exempt work as a reservationist, the Defendant classified KATSOUFIS as exempt and paid her on a salary basis without overtime compensation in willful violation of the FLSA.

20.    The Defendant has thus violated the FLSA by failing to pay overtime wages due to KATSOUFIS for approximately 18 and a half months of employment during which she regularly worked 60+ hours per week without overtime compensation.

21.    The interstate nature of KATSOUFIS's employment is demonstrated by the fact that she performed all work from Lee County,

Florida, while managing reservations, revenue, and operations for hospitality properties located in the State of Rhode Island. KATSOUFIS facilitated interstate travel by managing bookings for customers traveling from various states and countries to Rhode Island. KATSOUFIS processed interstate financial transactions through credit cards and online payment systems. KATSOUFIS managed online platforms that operate in interstate commerce to market and book reservations for out-of-state properties.

## COUNT I: VIOLATION OF THE FLSA - UNPAID OVERTIME

22.    The Plaintiff hereby incorporates Paragraphs 1-21 in this Count as though fully set forth herein.

23.    Plaintiff was a covered, non-exempt employee under the FLSA at all times during her employment with the Defendant.

24.    The Defendant was required by the FLSA to pay Plaintiff at least time and one-half for all hours worked in excess of 40 hours per week.

25.    The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during her employment, including compensation, work schedules, and job duties.

26.    As the sole owner and operator of Rendezvous, Inc., the Defendant personally contracted with Plaintiff to work from Plaintiff's home in Lee County, Florida, and personally supervised Plaintiff's work from Defendant's residence in Lee County, Florida.

27.    The Defendant was Plaintiff's employer and is liable for violations of the FLSA in this case.

28.    The Defendant violated the FLSA by failing to pay Plaintiff at least time and one-half for all hours worked over 40 per week.

29.    The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper overtime for all hours worked over 40 per week. The Defendant's willfulness is demonstrated by: (a) the Defendant's own characterization of Plaintiff's position as "the reservationist position"; (b) the Defendant's sworn testimony that Plaintiff was just a reservationist whose duties were merely answering phones and making reservations; and (c) the Defendant's knowledge that such duties are quintessentially non-exempt in nature yet choosing to classify Plaintiff as exempt to avoid paying overtime.

30.    As a result of the foregoing, Plaintiff has suffered damages of lost wages in the approximate amount of $129,800, calculated as follows: 25-hours of overtime per week x an overtime rate of $64.90 per hour[1] x 80 weeks of employment = $129,800.

31.    The Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE**, the Plaintiff prays that this Honorable Court enter a Judgment in Plaintiff's favor and against the Defendant for an amount

---

[1]    Based on a regular rate of $43.27 per hour; calculated from the $90,000 annual salary divided by 2,080 hours of full-time employment per year (which is the hours the salary was agreed to cover), multiplied by 1.5.

consistent with evidence, together with liquidated damages equal to the unpaid overtime wages, the costs of litigation, interest, and reasonable attorneys' fees.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: January 22, 2026      **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com